PRIMROSE THOMPSON, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Facts within the knowledge of the defendant, at the time of the trial, as susceptible of proof by witnesses, cannot be the basis of a motion for a new trial on the ground of newly discovered evidence,

2. If the newly discovered evidence relied on to sustain such motion tends to show an *alibi*, and it is claimed as an excuse for the failure to obtain and introduce the same on the trial, that the defendant was drunk on the day the offense is alleged to have been committed, and therefore did not know where he was, such fact should be alleged in the defendant's affidavit.

New trial. Newly discovered evidence. Criminal law. *Alibi.* Before Judge HOPKINS. Fulton Superior Court. October Term, 1874.

For the facts of this case, see the decision.

JOHN A. WIMPEY, for plaintiff in error.

JOHN T. GLENN, solicitor general, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of voting more than once at an election held in the county of Fulton in violation of the 4518th section of the Code. On the trial of the indictment the jury found the defendant guily. A motion was made for a new trial on the ground of newly discovered evidence, which was overruled by the court, and the defendant excepted.

1. The newly discovered evidence, on which the motion is based, is that the defendant was at a different place in the morning at the time the witnesses for the state testify he voted the first time on the day of the election, and the affidavits in the record go to prove that fact. If the defendant was not at the place of voting in the morning, as testified to by the witnesses for the state, but was at a different place at that time, he knew the fact as well at the time of the trial as he did afterwards, and should have used proper diligence to have procured the attendance of the same witnesses then to prove the *alibi* as he now seeks to do after the trial.

2. But it is said the defendant was drunk and did not know where he was in the morning of the day of the election. If that was so, the defendant should have stated that fact in his affidavit in support of his motion. The defendant is silent himself as to where he was on the morning of the election, or as to his want of knowledge of where he was at that time, and that is a fatal defect in the defendant's motion for a new trial on the ground of the newly discovered evidence contained in the record. The defendant knew better than any one else where he was on the morning of the day of the election, if he was in his right mind, and if he was not, he should have so stated under oath.

Let the judgment of the court below be affirmed.